# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MIGUEL GARCIA, #72317-067 | * |
| Petitioner | * |
| v. | * Civil Action No. PWG-17-2478 |
| TIMOTHY STEWART, Warden | * |
| Respondent | * |

## MEMORANDUM OPINION

While in the custody of the Federal Bureau of Prisons ("BOP") following his conviction for a drug offense, for which he received an enhanced sentence for possession of a firearm, Petitioner Miguel Garcia enrolled in a Residential Drug Abuse Treatment Program (the "Program") that offers early release for eligible participants. When Garcia was determined ineligible for early release, he filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He argues that the BOP improperly determined him ineligible for early release under the statutory provisions requiring the BOP to offer the Program and permitting the BOP to reduce the confinement period of prisoners who were convicted of non-violent offenses and who successfully complete the program. Pet. 4. As relief, he seeks "to be awarded the year off under § 3621(e)" and approved for a 12 month placement in a Residential Re-entry Center. *Id.* at 7-8.

Respondent Timothy Stewart[1] filed a Motion to Dismiss the Petition or, in the

---

[1] At the time Garcia filed the Petition, he was incarcerated at the Federal Correctional Institution-Cumberland (FCI-Cumberland) where Timothy Stewart is warden. After Respondent filed the dispositive motion (ECF No. 3), Garcia was transferred to the Federal Correctional Institution-Schuylkill (FCI-Schuylkill) in Minersville, Pennsylvania. ECF No. 5. Although Garcia is now confined in Pennsylvania, this Court retains jurisdiction over the matter, because Garcia was confined in the District of Maryland at the time he filed the Petition. "Whenever a §2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."

Alternative, for Summary Judgment with declarations and verified exhibits. ECF No. 3. The Motion is unopposed.[2] There is no need for a hearing to resolve the issues. *See* Loc. R. 105.6 (D. Md. 2016). Respondent's Motion, treated as a Motion for Summary Judgment, shall be GRANTED, and the Petition shall be DISMISSED. A Certificate of Appealabilty shall not issue.

## STATUTORY AND REGULATORY FRAMEWORK

### Residential Drug Abuse Treatment Program

Title 18 U.S.C. § 3621 directs the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The statute confers discretionary authority to the BOP to provide up to one year of early release to federal prisoners who have been convicted of a non-violent offense and successfully complete a substance abuse program. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added)); *see also Lopez v. Davis*, 531 U.S. 230, 233 (2001) (quoting § 3621).

To implement the statute, the BOP established the Residential Drug Abuse Treatment Program, promulgated 28 C.F.R. § 550.53-55 to implement the Program, and issued Program Statements to clarify eligibility requirements for the Program. The three phases comprising the Program are: 1) the unit-based residential program; 2) the institution transition phase, and 3) the community transitional services phase. 28 C.F.R. § 550.53. A participant must complete each of the three phases successfully to become eligible for early release. *Id.* §§ 550.53-55. Successful

---

*Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (finding that jurisdiction is determined at the time the petition is filed).

[2] The Clerk sent notice to Garcia that he may file a response to Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and submit affidavits and exhibits in support of his response. ECF No. 4. The Court extended the time for Garcia to file an opposition after his transfer to FCI-Schuylkill. ECF Nos. 5, 6. Garcia has not filed an opposition, and the filing deadline has long passed.

completion does not guarantee eligibility for early release; rather, once an eligible inmate "[s]uccessfully completes" the Program "during [his] current commitment," he "*may* be eligible for early release by a period not to exceed 12 months." 28 C.F.R. § 550.55(a) (emphasis added); *see Ramis v. Stewart,* 2016 WL237042, at *1 (D. Md. 2016).

BOP regulations preclude inmates convicted of carrying, possession, or use of a firearm or other dangerous weapon or explosive from early release under the Program. 28 C.F.R 550.55(b)(5)(ii). Additionally, an inmate with a conviction for "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another," is disqualified from early release under the regulations. 28 C.F.R. § 550(b)(5)(iii).

### Residential Re-Entry and the Second Chance Act

The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, codified at 18 U.S.C. §§ 3621 and 3624(c)(1), permits eligible federal inmates to spend some portion of the final 12 months of their sentences in a community correctional facility, also known as a halfway house or a Residential Re-Entry Center ("RRC"). The statute provides in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The plain language of the statute makes clear that RRC placement is not guaranteed and that a 12-month RRC placement is the maximum, not a mandatory, term. *See id.; see also Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir. 2009) (observing that previous mandatory timing requirements no longer apply). In determining the appropriate length and location of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]." 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22. The evaluation is conducted approximately 17-19 months before anticipated release. Resp.'s

Mem., ECF No. 3-1 (citing Nov. 14, 2008 Mem. from Joyce K. Conley, Assistant Director, Corr. Programs Div., BOP, titled "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007 (Apr. 14, 2008), *available at* https://www.bop.gov/foia/docs/secondchanceact memosfrom2008.pdf).

## BACKGROUND

Garcia pleaded guilty to possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Middle District of Pennsylvania. Pet. 3. Garcia's Pre-Sentence Report (PSR) recommended a two-level increase in his base offense level pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) because multiple firearms were recovered from Garcia's residence during the execution of a search warrant.[3] At sentencing, the district court adopted the PSR "without change," affirming the recommended two-level enhancement. Cruz Decl. ¶ 7, ECF No. 3-2 (declaration of BOP paralegal specialist). Garcia was sentenced to sixty months of imprisonment followed by four years of supervised release.[4] His projected release date, factoring in good conduct, is December 20, 2019. *Id.* ¶ 4 & Att. A, at 1.

Garcia enrolled in the Residential Drug Abuse Treatment Program; when he filed this Petition on August 28, 2017, he had not completed the Program. Williams Decl. ¶ 10, ECF No. 3-3 (declaration of BOP legal assistant). And, at the time Respondent submitted his case-dispositive motion on November 6, 2017, Garcia still had not completed the Program. Resp.'s Mem. 2 & Ex. 2, Williams Decl. ¶ 10. Since that time, neither party has notified the Court that Garcia has completed the Program.

On January 28, 2016, a BOP review found Garcia was precluded from 18 U.S.C.

---

[3] Although Garcia claims he legally owned "the gun," Pet. 8, that fact is irrelevant to USSG § 2D1.1(b)(1). *See* USSG § 2D1.1 cmt. n.11(A) ("The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons.").

[4] *See* Public Access to Court Electronic Records (PACER) website at https://ecf.pamd.uscourts.gov (viewed on July 16, 2016).

4

§ 3621(e) early release eligibility in light of his drug conviction. Cruz Decl. ¶ 6 [5] & Att. B. Specifically, Garcia's conviction for violating 21 U.S.C. § 841(a)(1) precluded him from early release eligibility under 28 C.F.R. § 550.55(b)(5)(ii) and (iii) because the offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" and "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." Cruz Decl. ¶ 8 & Att. B. Further, the § 2D1.1(b)(1) enhancement precluded him from eligibility for release under Policy Statement 5162.05 § 4(b).[6]

Garcia filed four administrative remedies challenging his ineligibility for early release. Williams Decl. ¶¶ 7-8. Garcia did not file an administrative remedy request requesting placement in a Residential Re-Entry Center. *Id.* ¶ 9.

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could

---

[5] Respondent observes the offense is "inadvertently listed as 'Distribution of a Controlled Substance' on the BP-A0942 form,'" and asserts that although the title of the offense is incorrect, Garcia is still precluded from early release eligibility. Cruz Decl. 11.

[6] *See* https://www.bop.gov/policy/progstat/5162_005.pdf at p. 10.

5

find for the party opposing summary judgment. *Id.*

## ANALYSIS

Respondent argues in his Motion for Summary Judgment that he is entitled to summary judgment as a matter of law because Garcia lacks standing, the Petition is not ripe for adjudication, and Garcia has yet to exhaust his administrative remedies in regard to his request for a 12 month RRC placement. Resp.'s Mem. As earlier noted, Respondent's Motion is unopposed.

### **Early Release Claim**

This Court's jurisdiction is limited to "cases or controversies." U.S. Const. art. III, § 2; *see City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Thus, to have standing, a party seeking to have the Court resolve his claims must have (1) "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "fairly traceable to the challenged action of the defendant"; and (3) "likely" to "be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *see also Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016). As earlier discussed, successful completion of the Program is a prerequisite for consideration for early release. It is uncontroverted that Garcia had not completed the Program at the time he filed the Petition, and there is no evidence before me that he since has completed the Program. Thus, even if the BOP was incorrect in finding Garcia ineligible for early release, the relief he requests is not available to address the injury. 28 C.F.R. § 550.55(a). Therefore, he lacks standing. *See Friends*, 528 U.S. at 180-81.

In any event, BOP had the authority to deny Garcia eligibility for release. 28 C.F.R 550.55(a), (b)(5)(ii)–(iii); *Lopez*, 531 U.S. at 233–36, 240. In *Lopez*, the prisoner, "[w]hile incarcerated, [had] requested substance abuse treatment," and BOP "found him qualified for its residential drug abuse program,[ ] but categorically ineligible, under 28 CFR § 550.58(a)(1)(vi),

for early release." 531 U.S. at 236. He filed a habeas petition, and the district court ordered the BOP to reconsider his eligibility, but the Eighth Circuit reversed. *Id.* at 236–37. The Supreme Court affirmed the Eighth Circuit's conclusion that BOP had the discretion to deny eligibility. *Id.* It noted that BOP has "discretion to prescribe additional early release criteria" and has exercised it to "exclude[] from early release eligibility inmates" convicted of crimes of violence, as well as those "who possessed a firearm in connection with their [drug trafficking] offenses." *Id.* at 233–36 (citation omitted)). The Supreme Court reasoned that § 3621(e)(2)(B) provided that BOP *may*—not shall—reduce a sentence. *Id.* at 240. It held that BOP "may categorically exclude prisoners based on their preconviction conduct" and that "the regulation excluding Lopez [from early release] is permissible," as BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. Garcia also is incarcerated for a drug offense for which he received an enhanced sentence for possession of a firearm, and therefore BOP has the discretion to determine that he, like Lopez, is ineligible for early release. *See id.*

Additionally, the doctrine of ripeness is used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003); *Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). In assessing ripeness, "[t]he burden of proving ripeness falls on the party bringing suit." *Miller v. Brown*, 462 F.3d 312, 319 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

"The inquiry to determine the ripeness of a claim is two-fold, looking to the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) (internal quotation marks omitted). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,*

523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.").

Where, as here, a prisoner challenges his eligibility for early release before successfully completing the Program, which is a precondition to consideration for early release under 18 U.S.C. § 3621(e)(2)(B), the claim is not ripe for judicial review on the merits. *See, e.g., Davis v. Wilson*, No. 17CV04, 2017 WL 6046129, at *3 (E.D. Va. Dec. 6, 2017) (ruling the petitioner's challenge to his eligibility for Program was not ripe for review because he had not completed the prerequisite phases of the Program; *Melia v. Caraway*, No. GLR-13-257, 2013 WL 2383653, at *3 (D. Md. May 28, 2013) (stating that until petitioner "successfully completes" the Program and is "officially denied a sentence reduction, his claims are merely hypothetical and not ripe for judicial review"); *Grace v. BOP*, No. 08-2490-HFF-TER, 2009 WL 2413627, at *3 (D.S.C. Aug. 5, 2009) ("As plaintiff has neither participated in nor successfully completed the [Program], no case or controversy currently exists.").

Garcia does not dispute that he has not completed the Program; nor does he provide evidence to the contrary. Therefore, there is no genuine dispute as to material facts in this regard. For these reasons, Respondent is entitled to summary judgment as to this claim.

### RRC Claim

Respondent asserts that because no decision has been rendered regarding Garcia's RRC placement, this claim too is not ripe for adjudication. The Court agrees.

Respondent also argues that Garcia has not pursued or exhausted the BOP administrative remedy process as to his RRC claim. Generally, a federal prisoner seeking habeas review under 28 U.S.C. § 2241 must exhaust available administrative remedies. *See Martin v. U.S. Parole Commission*, 2018 WL 2315009, at *2 (D. Md. May 9, 2018) (citing *Braden v. 30 Judicial Cir. Ct.*, 410 U.S. 484, 489-92 (1973); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004)). Garcia does not dispute this assertion or provide any argument to suggest why pursuing relief

through the administrative process as to this claim would prove futile. *See McClung*, 90 Fed. App'x at 446. Accordingly, Respondent is entitled to summary judgment as to this claim.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Garcia has not done so here.

## CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 3) will be granted, the Petition will be dismissed without prejudice, and a Certificate of Appealability will not issue. A separate Order follows.

Date

7/26/2018
Paul W. Grimm
United States District Judge

9